IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02301–REB–KMT

DEBRA FRANKLIN,

    Plaintiff,

v.

MEDTRONIC, INC.,

    Defendant.

---

# ORDER

---

This matter is before the court on Defendant's "Motion for Protective Order Staying Discovery Pending Resolution of Defendant Medtronic's Motion for Summary Judgment" (Doc. No. 27, filed March 4, 2010). Plaintiff did not file a response to the Motion.

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendants seek protection from the burden of discovery at this stage in the case. A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). In evaluating a request for a stay of discovery, the following five factors guide the court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar.30, 2006).

Defendants have filed a Motion for Summary Judgment on the basis that Plaintiff's claims are preempted by federal law. (*See* Doc. No. 26.) The Supreme Court recently addressed the Medical Device Amendments' preemption clause in *Riegel v. Medtronic, Inc.*, 552 U.S. 312 (2008), a case involving a Class III catheter approved by the FDA through the premarket approval process. Charles Riegel, one of the plaintiffs, underwent a procedure where his doctor inserted the Evergreen Balloon Catheter manufactured by Medtronic, Inc. into his coronary artery. The doctor inflated the catheter beyond its rated burst pressure, and the catheter ruptured while it was inside Riegel's coronary artery. Riegel sued Medtronic, alleging that the catheter was designed, labeled, and manufactured defectively. The Supreme Court held that Riegel's strict liability claim, breach of implied warranty claim, and all of his negligence claims, except for a negligent manufacturing claim, were preempted by the premarket approval of the catheter by the FDA.

Post-*Riegel*, the great majority of courts addressing state-law requirements which regulate medical devices have found that *Riegel* requires preemption. *See*, *e.g.*, *In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*, 592 F. Supp. 2d 1147, 1161 (D. Minn. 2009) ("In the [ ] months following Riegel, courts across the country have applied Section 360k(a) broadly,

preempting all manner of claims . . . .") (finding breach of express and implied warranty claims, fraud claims and claims for deceptive trade practices preempted); *see also Heisner v. Genzyme Corp.*, No. 08-C-593, 2009 WL 1210633 (N.D. Ill. Apr. 30, 2009) (breach of express warranty claim preempted); *Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271 (E.D.N.Y. 2009) (breach of express warranty, implied warranty of fitness and implied warranty of merchantability claims, as well as state-law claim for deceptive trade practices preempted); *Parker v. Stryker Corp.*, 584 F. Supp. 2d 1298 (D. Colo.2008) (breach of express warranty, implied warranty of fitness and implied warranty of merchantability claims preempted); *Adkins v. Cytyc Corp.*, No. 4:07CV00053, 2008 WL 2680474 (W.D. Va. July 3, 2008) (express and implied warranty claims preempted); *but cf. Hofts v. Howmedica Osteonics Corp.*, 597 F. Supp. 2d 830 (S.D. Ind. 2009) (no preemption found, despite Riegel's overt criticism of § 808.1(d)(1)).

In weighing the factors for determination of the propriety of a stay, the court finds that a stay is appropriate here. First, as Defendants' Motion is unopposed, Plaintiff ostensibly does not desire to proceed with her case until after it is determined whether the case is subject to dismissal. The court notes Plaintiff is proceeding *pro se* at this time and has been attempting to obtain counsel. As such, staying discovery will not prejudice the plaintiff. On balance, the Court finds the potential harm to Plaintiff is outweighed by the burden on Defendants resulting from conducting and responding to discovery while their Motion for Summary Judgment is pending. The court also notes that the remaining *String Cheese* factors, *i.e.*, the Court's efficiency, and interests of nonparties and the public in general, do not outweigh Defendants' burden here given their federal preemption defense. *See String Cheese*, 2006 WL 894955, at *2.

Balancing the five *String Cheese* factors, the court finds that a stay of proceedings is appropriate until the district court rules on Defendants' Motion for Summary Judgment.

Therefore, it is

**ORDERED** that Defendant's "Motion for Protective Order Staying Discovery Pending Resolution of Defendant Medtronic's Motion for Summary Judgment" (Doc. No. 27) is GRANTED. All discovery is stayed pending the District Court's resolution of Defendants' "Motion for Summary Judgment." The parties shall file a status report within five days of the order on the Motion for Summary Judgment to advise whether a scheduling conference should be set. The order requiring the parties to file a status report on April 16, 2010, is VACATED. The Final Pretrial Conference set for November 2, 2010, is VACATED.

Dated this 1st day of April, 2010

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge